IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ZAESLIV H. OBAMA, aka SHANTA Y. CLAIBORNE,[1] | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-588-O-BP |
| BARACK H. OBAMA, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 11, 2022, Plaintiff filed this case and a motion for leave to proceed in forma pauperis. ECF Nos. 1, 2. The case was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 5. The findings, conclusions, and recommendation of the undersigned are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Zaesliv H. Obama aka Shanta Y. Claiborne is the plaintiff. The defendant is listed as former President Barack H. Obama.

---

[1] Plaintiff Zaesliv H. Obama has also filed multiple cases under the name Shanta Y. Claiborne. *See* PACER Case Locator available at https://pcl.uscourts.gov/pcl/index.jsf. Thus, the clerk of Court is directed to add this additional name on the docket.

C.   LEGAL ANALYSIS

Plaintiff has accompanied her complaint with an Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 2. A review of the history of Plaintiff's filing of lawsuits in this Court reveals that Plaintiff has been barred from proceeding in forma pauperis. In prior cause number 3:19-cv-1466-N-BK, the magistrate judge recommended as follows:

> As reflected in prior filings in this Court, Obama is also known as Shanta Y. Claiborne. *See Obama v. United States*, 3:19-CV-391-C-BN (N.D. Tex. May 16, 2019). During the past two years, she has filed at least 14 cases under the names of Shanta Claiborne and/or Zaesliv H. Obama. While most actions have been dismissed for want of prosecution, two cases have been dismissed as frivolous and, in at least two other cases, the magistrate judge recommended dismissal for lack of subject matter jurisdiction or for failure to state a claim. *See Obama v. Internal Revenue Service,* No. 3:19-cv-1208-M-BK (N.D. Tex. June 12, 2019) (dismissing case as frivolous); *Claiborne v. Obama*, No. 1:17-cv-5482 (E.D.N.Y. Apr. 18, 2018) (dismissing case as frivolous); *Obama v. United States*, No. 3:19-cv-391-C-BN (N.D. Tex. May 16, 2019) (dismissing case for want of jurisdiction); *Claiborne v. State of Texas*, 3:16-cv-2713-N-BH (N.D. Tex. Apr. 13, 2017) (voluntary notice of dismissal filed after magistrate judge recommended that case be dismissed for failure to state a claim). In cause number 3:19-cv-1208-M-BK, the Court warned Plaintiff that if she persists in filing frivolous or baseless actions or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action.
>
> . . .
>
> The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); FED. R. CIV. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).
>
> Based on Obama's filing history, her pattern of filing frivolous, vexatious actions or actions over which the Court lacks subject matter jurisdiction, she should be barred from filing future actions *in forma pauperis* in this Court.

*Obama v. Earle Cabell Federal Court*, No. 3:19-cv-1466-N-BK, 2019 WL 4418283 (N.D. Tex. Aug. 23, 2019) (footnote omitted).  The district judge later adopted that recommendation and ordered that "Plaintiff is **BARRED** from filing future actions *in forma pauperis*." *Obama v. Earle Cabell Federal Court*, No. 3:19-cv-1466-N, 2019 WL 4413289 (N.D. Tex. Sep. 16, 2019). Because plaintiff Obama aka Claiborne has been barred from proceeding in forma pauperis, her application to proceed on that basis in this case must be denied.

RECOMMENDATION

It is therefore **RECOMMENDED** that United States District Judge Reed O'Connor **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2). It is further **RECOMMENDED** that Judge O'Connor inform Plaintiff that the Complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b) unless Plaintiff pays to the clerk of Court the filing and administrative fees of $402.00 within seven days after his order or such other time as Judge O'Connor my direct.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

3

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on July 13, 2022.

                                                                          Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE